## CARTER v. COPELAND.

Where a power of sale contained in a mortgage provided that the mortgagee should be authorized, upon the happening of a certain contingency, to "take possession" of the land described in the mortgage, "and, after advertising it" in a designated newspaper "once a week for four weeks, to sell the same," etc., the provision was complied with where the advertisement of sale was published in the designated paper once a week for four weeks immediately preceding the day when the sale took place, although the number of days between the date of the first publication and the day when the sale took place was less than twenty-eight days.

No. 431. November 17, 1917.

Ejectment. Before Judge Thomas. Lowndes superior court. May 25, 1917.

J. P. Carter, brought ejectment, and undertook to establish his title to the land by showing one Blanton to be the common grantor of himself and the defendant. He introduced a deed from Blanton to the defendant, dated October 23, 1911, and purporting to convey the land in controversy. He then tendered in evidence a mortgage covering certain land, a portion of which is that here involved, dated December 19, 1910, executed by Blanton to one Jones to secure the payment of certain promissory notes of even date with the mortgage. This mortgage contained the following power of attorney: "And in the event the party of the first part fails to pay either one or more of said promissory notes at maturity, the party of the second part, his heirs, executors, administrators, and assigns are hereby authorized to receive and take possession of the property above described, and, after advertising it in the Valdosta Times once a week for four weeks, to sell the same and all benefit and equity of redemption therein, either in bulk or in parcels, at public outcry before the court-house door in said county, between the legal hours of sale, to the highest bidder for cash, and to execute a deed, or deeds, to the purchaser, or purchasers, conveying as good and sufficient fee-simple title to said property as the party of the first part could convey." Plaintiff then offered in evidence four copies of the Valdosta Times, dated December 18, 1915, December 24, 1915, January 1, 1916, and January 8, 1916; each of which contained an advertisement of the contemplated sale of the land described in said mortgage, before the court-house door of Lowndes County on the second Tuesday in January, 1916, to the highest bidder for cash, between the legal

hours of sale, which advertisement was in the usual and ordinary form. The plaintiff testified that he bought the land described in the mortgage on the second Tuesday (the 11th day) of January, 1916; the sale was held about 11 o'clock before the court-house door in Lowndes County, the usual place of holding sheriff's sales; his was the highest bid offered. He then offered in evidence a deed executed by Jones as-attorney in fact for Blanton, which recited the sale under the power already described, and conveyed to Carter the land in dispute. The defendant objected to the introduction of the deed in evidence, upon the ground, that the power of sale required the land to be advertised once a week for four weeks; that such advertisement would have to be run for a period of 28 days, to comply with the condition of the power; and that, the advertisement not having run for a period of 28 days prior to the date of sale, there was no sufficient compliance with the provision of the power, and the deed was void. The court sustained this objection, excluded the deed from evidence, and granted a nonsuit. The plaintiff excepted.

*E. K. Wilcox* and *Dan R. Bruce,* for plaintiff.

*Whitaker & Dukes,* for defendant.

BECK, P. J. We are of the opinion that the court erred in excluding the deed from evidence. Section 6062 of the Code of 1910, which relates to the advertisement of sales, provides that sheriffs and coroners shall publish weekly for four weeks, in some newspaper published in their respective counties, notice of all sales of land and other property executed by them; and section 6063, which embodies an act passed in 1891, provides that it shall be sufficient and legal to publish the notice "once a week for four weeks (that is, one insertion each week for each of the four weeks) immediately preceding the . . day when the . . sale is to take place; and the number of days between the date of the first publication and the . . day when the . . sale is to take place, whether more or less than thirty days, shall not in any manner invalidate or render irregular the advertisement or order of sale." In discussing the provision just quoted it was said, in *Conley v. Redwine,* 109 *Ga.* 640, 642 (35 S. E. 92, 77 Am. St. R. 398): "Prior to the passage of the act of 1891, when the law required sheriff's sales to be advertised for four weeks, it was held that the word "week" meant a period of time consisting of seven

days, and that to comply with the law it was necessary that twenty-eight days should elapse between the date of the first advertisement and the date of the sale; and that this lapse of time was sufficient whether four complete calendar weeks were embraced therein or not. *Boyd* v. *McFarlin,* 58 *Ga.* 208; *Bird* v. *Burgsteiner,* 100 *Ga.* 486 [28 S. E. 219]. As was said by Mr. Justice Little in the opinion rendered in the case last cited, 'This was the law, as construed, at the time the act of 1891 was passed, and that act was intended to change existing law, so that if a notice of such sale should be made once a week for four weeks, such advertisement would be sufficient, without reference to the number of days which might so elapse. In ascertaining the legislative intent as expressed by the act, we are bound to conclude also that the week of seven days was not intended to be taken as the period in which one publication only of the notice must necessarily be made, because such was the statute as interpreted by the court at the time of the passage of the act; hence the act, in referring to the publication to be made once a week for four weeks, means a calendar week, and if notice shall be made on any day of a calendar week, that shall be counted as a publication for that week,' etc. That the act of 1891 intended that the notice in any one calendar week should be a notice for the week is undoubtedly true, but this is not all that that act required. The notice must be at some time in the week, and there must be four calendar weeks in each of which there is a publication of the notice of sale preceding the day of sale. The act declares in terms that there must be 'one insertion each week for each of the four weeks immediately preceding' the day when the sale is to take place. The week in which the sale takes place is certainly not a week 'preceding' the day on which the sale takes place; and it would therefore follow that the notice published in such week could not be counted as one of the four insertions necessary to a compliance with the statute. Under this construction of the law, a period of at least twenty-four days must elapse between the date of the first insertion and the date of the sale. If the first insertion is on Saturday and the subsequent insertions on any given day of the three following weeks, the period of twenty-four days elapses between the two. To illustrate: If a sale was to take place on Tuesday, February 6, the first notice would have to be inserted on Saturday, January 13.

Insertions January 13, 20, 27, and February 3 would be a compliance with the law." We think what was said in the decision just cited is sound and controlling in the present instance. The power of sale in the mortgage, the construction of which is involved in this case, was executed subsequently to the act of 1891, already referred to; and we think it should be construed in the light of the provisions of that act as embodied in section 6063 of the Code of 1910. Decisions based upon the law as it stood prior to the act of 1891, and relating to advertisements and notices of sale to be published, are not controlling upon the point immediately in issue here. A comparison of the dates of the advertisements in the present case with what we have ruled will show that there was due advertisement of the sale by the attorney in fact for Blanton, who executed the deed, although a period of twenty-eight days did not elapse from the date of the first advertisement to the date of the sale; for there was an advertisement once a week for four weeks, in the sense in which that expression is used in the act quoted. And while this was not a judicial sale or a sheriff's sale, we think the provision in the power of sale as to notice, advertisement, etc., should be held to have the same meaning as it has in the acts relating to judicial sales which were in force at the time of the execution of the instrument containing the power; and the judge erred in sustaining the motion to exclude the deed from evidence.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*