## ATLANTA ASSOCIATION OF BAPTIST CHURCHES *v.* COWAN *et al.*

No. 11438.   OCTOBER 14, 1936.

*Tye, Thomson & Tye* and *R. A. Edmondson Jr.*, for plaintiff in error.

*McElreath, Scott, Duckworth & DuVall*, contra.

HUTCHESON, Justice. 1. As a general rule, the owner of land in fee has the right to use his property for any lawful purpose, and any claim that there are restrictions in such use of the property must be clearly and indubitably established. *Kitchens* v. *Noland*, 172 *Ga.* 684 (158 S. E. 562); *Randall* v. *Atlanta Advertising Service*, 159 *Ga.* 217, 218 (125 S. E. 462). Therefore, in a case in which the plaintiff is attempting to impose on the land of the defendant restrictions beyond the express restrictions contained in the deed to the defendant, a charge by the court to the jury that "the effect of the defendant filing its answer to the plaintiffs' petition is to put the burden of proof upon the plaintiffs to prove by the preponderance of testimony the allegations they make, except such allegations as may be admitted," and "the burden is upon the plaintiffs to prove to your satisfaction by the preponderance of testimony that the lot purchased by the defendant came under the general restrictions," was not a correct statement of the law in reference to the burden of proof in such cases, and is error.

The decision in *Kitchens* v. *Noland*, supra, is controlling in the case at bar. In that case the court charged substantially as in the present case, and, after a request duly presented, refused to charge the principle of law set forth at the beginning of this opinion. The jury returned a verdict for the plaintiff, and upon review this court held that the evidence was not sufficient to support the verdict, on the ground that under the ruling in *Randall* v. *Atlanta Advertising Service*, supra, the evidence failed to meet the degree of proof required in such cases. At the conclusion of the opinion, without setting forth the charges complained of or the refused requests to charge, the court said: "The foregoing principles are controlling in this case; and consequently . . the charge to the jury, and refusal to charge where proper and applicable, being contrary to the foregoing principles, it was error . . to charge as the court did, and to refuse to charge as requested." The rule that restrictions must be indubitably established was laid down in *Randall* v. *Atlanta Advertising Service*, supra. That case involved the construction of a deed to the party whose property was attempted to be made subject to certain restrictions; and therefore

the ruling applied merely as a rule of construction by the court. This case was followed in the *Kitchens* case, and the rule applied to the proof required to impose restrictions because of a general plan adopted by the owner to sell lots, even though no express restrictions are contained in the deed of the purchaser. The word "indubitable" in its literal sense means without doubt. However, we think that as used in the *Kitchens* case it was used in the sense of "beyond a reasonable doubt." Under the circumstances we do not deem it inadvisable to say that the better practice would be to charge that such restrictions must be proved beyond a reasonable doubt, as is proper in cases like *Printup* v. *Mitchell*, 17 *Ga.* 558 (16) (63 Am. D. 258). *Williams* v. *Segers*, 147 *Ga.* 218 (2) (93 S. E. 215); *Gordon* v. *Spellman*, 148 *Ga.* 394 (2) (96 S. E. 1006); *Suber* v. *Black*, 168 *Ga.* 439, 441 (148 S. E. 81). Be that as it may, it is sufficient to say that in either event the charge in the case at bar is an incorrect statement of the law applicable to such cases, and is error.

2. As the judgment is reversed on the above ground, and the case remanded for a new trial, this court will not pass on the sufficiency of the evidence to support the verdict, or on the only other alleged error assigned in the motion for new trial, it not being such as would likely occur on the subsequent trial of the case.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent because of illness.*