THOMPSON *et al. v.* GLENWOOD COMMUNITY CLUB INC.

BELL, Justice. 1. As a general rule, the owner of land in fee has the right to use the property for any lawful purpose, and any claim that there are restrictions upon such use must be clearly established. Limitations or restrictions by implication are not favored, and must be strictly construed. *Randall* v. *Atlanta Advertising Service,* 159 *Ga.* 217 (125 S. E. 462); *Kitchens* v. *Noland,* 172 *Ga.* 684 (158 S. E. 562); *Atlanta Association of Baptist Churches* v. *Cowan,* 183 *Ga.* 187 (188 S. E. 21).

2. Where, according to a general plan and scheme of the owner in developing a subdivision, the deeds made by such owner "as party of the first part" to various purchasers contained several restrictive covenants, including a stipulation that the property conveyed "is to be used for residence purposes only, unless the written consent of the party of the first part is given to any exception thereto," and in the deed to one of the lots it was stated further that this "right retained by the grantor . . is waived and the grantee herein shall have the right to erect a clubhouse on said property," the purchaser of this lot acquired the right to erect a clubhouse on the property, as against the purchasers of other lots, the deeds to which contained substantially the same restrictions, without the waiver. Since each purchase was made subject to such retained right of the person who developed the subdivision to waive the restriction to residential use, the ruling just stated is not altered by the fact that each deed contained an additional provision that "these restrictions and covenants are in favor of both grantor and every other owner of land in the said subdivision." Compare *Washburn* v. *Washburn,* 188 *Ga.* 468 (2) (4 S. E. 2d, 35).

3. Under the foregoing rulings as applied to the pleadings and the evi-

dence, the plaintiffs had no right in virtue of any express or implied restriction to enjoin the defendant from using as a clubhouse the building in question; nor did it appear that such use of the building would constitute a nuisance with respect to the plaintiffs.

4. The rulings made above are controlling, and it is unnecessary to deal with other questions. The court did not err in refusing an interlocutory injunction. *Judgment affirmed. All the Justices concur.*

No. 13346. NOVEMBER 16, 1940.

*Carl T. Hudgins,* for plaintiffs. *Weekes & Candler,* for defendant.