DAVID *et al. v.* BOWEN.

No. 13491.   JANUARY 15, 1941.

*McElreath, Scott, Duckworth & DuVall,* for plaintiffs.
*Hewlett & Dennis* and *T. F. Bowden,* for defendant.

ATKINSON, Presiding Justice.  1.  "As a general rule, the owner of land in fee has the right to use the property for any lawful purpose, and any claim that there are restrictions upon such use must be clearly established.  Limitations or restrictions by implication are not favored, and must be strictly construed.  *Randall* v. *Atlanta Advertising Service,* 159 *Ga.* 217 (125 S. E. 462) ; *Kitchens* v. *Noland,* 172 *Ga.* 684 (158 S. E. 562) ; *Atlanta Association of Baptist Churches* v. *Cowan,* 183 *Ga.* 187 (188 S. E. 21)." *Thompson* v. *Glenwood Community Club,* 191 *Ga.* 196 (12 S. E. 2d, 623).

2.  The covenant in question is contained in a deed to land between private persons, and so far as material to be stated is: "I [grantee] will not erect or suffer or license to be erected on lot above described any commercial or manufacturing establishment or factory or apartment-house of any kind at any time, or use or suffer to be used any building erected thereon for any such purpose ;  .  . that I will not build more than one residence on said lot, but may build thereon a garage or stable in keeping with the residence thereon, and of sightly appearance." *Held:*

(*a*)  Construed strictly and most strongly against the grantor, the covenant is not violated by the defendant, successor in estate to the grantee, by occupying the dwelling-house on the lot as a residence and permanent home for herself and family, and using the same for a boarding-house from which she earns her livelihood.

(*b*)  The words "commercial  .  .  establishment" employed in the covenant, considered with their context, do not expressly or by necessary implication deny the right of the resident to make such use of the property.  The case of *Cutsinger* v. *Atlanta,* 142 *Ga.* 555 (83 S. E. 263, L. R. A. 1915B, 1097, Ann. Cas. 1916C, 280), did not involve construction of a restrictive covenant in a deed, or any such question.  The case also differs from Jordan *v.* Tashiro, 278 U. S. 123 (49 Sup. Ct. 47, 73 L. ed. 214), involving construction of a treaty with a foreign nation, which, unlike private restrictive covenants, is to be liberally construed.

(*c*)  The same restrictive covenant was involved in *Reeves* v. *Comfort,* 172 *Ga.* 331 (157 S. E. 629), but the alleged violation was by a tenant operating a tea-room not occupied by him as a residence.  Operation of the tea-room was temporarily enjoined as violative of the covenant.  On review, the case being for decision by all the Justices who were equally divided in opinion, the judg-

470

ment was affirmed by operation of law. Such a judgment is not binding as a precedent.

(d) The case of *John Hancock Mutual Life Insurance Co.* v. *Davis*, 173 *Ga.* 443 (160 S. E. 393), involved a restrictive covenant in a deed, that "Said land shall not be used otherwise than for residence purposes, and shall not be used for a sanatorium, hospital, or infirmary, and no apartment-house shall be erected thereon." It was held that the operation of a boarding-house was not a violation of that covenant, and that the judge erred in granting the injunction. Five of the Justices concurred in the judgment of affirmance, and one dissented. That decision, not having been concurred in by all the Justices, is not binding as a precedent, but supports the view first above announced that the restrictive covenant now involved was not violated by the defendant in using the building as a residence and permanent home and keeping boarders therein for a livelihood.

3. It does not affect the case that the property is located in a zoned district provided by municipal ordinance regulating the keeping of boarders, and that the defendant had applied for a license for carrying on such business.

4. Under the pleadings and the evidence the judge did not err in refusing a temporary injunction.

*Judgment affirmed. All the Justices concur.*