WIGGINS *et al. v.* YOUNG *et al.*, trustees.

HEAD, Justice. F. B. Wiggins and others filed a petition against L. F. Young and others, as trustees, to enjoin the construction of a church building in a stated subdivision. The plaintiffs relied upon the restrictive covenants appearing in a deed in the chain of title of the defendants. The plaintiffs did not allege that the defendants were within the class named in division (a) of the restrictive covenants, nor did they allege that the defendants were violating divisions (b) and (c), relating to the cost of buildings to be erected and the location thereof, or any other restrictive condition in these divisions. *Held:*

1. A church is a building consecrated to the honor of God and religion, with its members united in the profession of the same Christian faith. *Josey* v. *Union Loan & Trust Co.*, 106 *Ga.* 608, 611 (32 S. E. 628). Under the general rule that the owner of land in fee has the right to use his property for any lawful purpose, and any claim that there are restrictions and limitations in the use of such property must be clearly and indubitably established (*Randall* v. *Atlanta Advertising Service*, 159 *Ga.* 217, 125 S. E. 462; *Kitchens* v. *Noland*, 172 *Ga.* 684, 158 S. E. 562; *Thompson* v. *Glenwood Community Club*, 191 *Ga.* 196, 12 S. E. 2d, 623); the restriction against the use of property "for any business purpose," as contained in division (d) of the restrictive covenants, is not violated by the erection of a church building.

2. By amendment the plaintiffs alleged that there was a general plan or scheme of development of the property located in the particular subdivision restricting it to residential use. Where a restrictive covenant by implication is sought to be enforced, the implied restrictions must be proved beyond a reasonable doubt. *Shemwell* v. *McIntosh, 204 Ga.* 894 (52 S. E. 2d, 464), and cases cited. The evidence in this case did not establish implied restrictions beyond a reasonable doubt, and the trial court did not err in dissolving the temporary restraining order and denying an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

No. 16907. JANUARY 12, 1950. REHEARING DENIED FEBRUARY 17, 1950.

*Malone & Peacock,* for plaintiffs.
*S. B. Lippitt,* for defendants.