RICHARDSON, Clerk, *v.* PASSMORE.

No. 17314. FEBRUARY 13, 1951.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin,* and *Henry L. Bowden,* for plaintiff in error.

*William A. Fuller,* contra.

*Walter G. Cooper,* as amicus curiae.

HEAD, Justice. Counsel for the Clerk of Council of the City of Atlanta contend in their brief that the zoning laws and ordinances of the city do not permit the operation of a tourist home in an area zoned for U1, or residential purposes; and that the clerk, therefore, was not only not required, but not authorized, to issue the license applied for by Mrs. Passmore. It appears from the record that the zoning ordinances of the city fix a use of that class of property defined as U1 as "dwellings."

Section 93-204 of the city code is set forth in the response of the clerk, and is as follows: "DWELLING HOUSE DISTRICT. (a) In a Class U1 or dwelling house district no building or premises shall be used, and no building shall be erected, which is arranged, intended or designed to be used, except for a Class U1 use."

Section 93-206 of the city code provides for "ACCESSORY USES IN RESIDENCE DISTRICTS." This section provides in part as follows: "A store, trade or business shall not be permitted as an accessory use except that the office of a physician, dentist or surgeon may be located in the dwelling or apartment

used by such physician, dentist or surgeon as his private residence; and except that any person carrying on a customary home occupation may do so in a dwelling or apartment used by him as a private residence, . . *In a dwelling or apartment occupied as a private residence, one or more rooms may be rented or tableboard furnished."* (Italics ours.) The "accessory use" authorized by section 93-206, above quoted, is not further defined by any ordinance appearing in the record in this case.

" 'As a general rule, the owner of land in fee has the right to use the property for any lawful purpose, and any claim that there are restrictions upon such use must be clearly established. Limitations or restrictions by implication are not favored, and must be strictly construed. *Randall* v. *Atlanta Advertising Service,* 159 *Ga.* 217 (125 S. E. 462); *Kitchens* v. *Noland,* 172 *Ga.* 684 (158 S. E. 562); *Atlanta Association of Baptist Churches* v. *Cowan,* 183 *Ga.* 187 (188 S. E. 21).' *Thompson* v. *Glenwood Community Club,* 191 *Ga.* 196 (12 S. E. 2d, 623)." *David* v. *Bowen,* 191 *Ga.* 469 (12 S. E. 2d, 873).

The rule above quoted applies with equal force whether the restriction by implication is based upon a restrictive covenant in a deed or upon a zoning ordinance. *Barton* v. *Hardin,* 204 *Ga.* 108 (48 S. E. 2d, 882).

The conclusion appears inescapably demanded that the accessory use (in section 93-206), which permits the renting of one or more rooms in "a dwelling or apartment occupied as a private residence," is without limitation by express terms, or necessary implication. The term "one or more" would be limited only by the number of rooms suitable for renting in the dwelling or apartment. The word "rented" is not defined as to time or duration of the rental, nor is there any limitation imposed as to the class or classes of persons to whom rooms may be rented. The city having authorized, by express language, the renting of "one or more rooms" in a dwelling or apartment in a U1 zoned district, its action in rezoning Mrs. Passmore's property to a U1 district can not defeat her right to a license, which is required, under other ordinances of the city (contained in the record), where rooms are rented to five or more persons.

Counsel for the clerk state in their brief that, should it be decided that Mrs. Passmore is not violating the zoning ordi-

nances of the city by renting rooms to tourists in her home, the mandamus absolute should have been refused because she orally applied for a renewal of her business license. It is true that mandamus will not issue in the absence of a clear legal right to have performed the act sought to be enforced, and the failure to make an application for license in the manner and form required might ordinarily defeat the applicant's right to mandamus. In this case, however, it can not be questioned but that the refusal to issue the license to Mrs. Passmore was based upon the action of the city council in canceling a previous license and rezoning her property. Under such facts, the clerk will not now be heard to complain that the application was not in the form prescribed by the ordinances of the city.

<em>Judgment affirmed. All the Justices concur.</em>