## JORDAN et al. v. ORR et al.

HAWKINS, Justice. C. V. Jordan, William Griffin, Alex Bealer, W. P. Hedgepeth, Charles Perkins, and E. M. Napier Jr. brought an action, in Fulton Superior Court, against Roy H. Orr and Ruth J. Orr, to enforce restrictions in a deed and to recover expenses in connection therewith, as provided in the deed. It was alleged that petitioners each own a lot or lots in what is known as Collier Woods Subdivision, in which defendants own a house and lot; that all parties claim title from the same common grantor, the G. W. Collier Estate, a corporation, and that all deeds are subject to the same eleven restrictions which were set out in the petition, only the following four being pertinent here: (1) "Said property shall be used only for residential purposes with the understanding that no duplex or apartment house is

to be erected thereon, and shall not be used for cemetery, hospital, sanitorium, or any business purposes"; (3) "No use to be made of said property, or any part thereof, which would constitute a nuisance or injure the value of any of the neighboring lots"; (5) "No residence shall be erected on said property to cost less than $7500 and not more than one residence shall be built on any lot, but any person may use more than one lot, placing one residence thereon"; and (11) "In the event of a violation of any of the above restrictions, the grantor, its successors or assigns, or any lot owner in said subdivision, shall have the right to enforce a full compliance with same by legal proceedings at the expense of the owner violating or permitting said violation." It was further alleged that, about March, 1951, defendants converted their home into a duplex by the installation of a second kitchen and other structural changes, and by renting out the newly created side of the duplex, occupying the other part as their own home; that petitioners have notified defendants that they are violating restrictions, how they are violating same, and that unless they comply with said restrictions they would take appropriate legal steps to protect their rights; but that, notwithstanding their notice, defendants continue to violate said restrictions. It was also alleged that a duplex constitutes a nuisance and injures and damages said subdivision as residential property, and further, that it decreases the value of petitioners' lots in said subdivision. On the trial, before a jury, certain allegations in the petition were stipulated as being true, and plaintiffs introduced witnesses and some documentary evidence. One of defendants, Roy H. Orr, was called as a witness by plaintiffs and cross-examined. Evidence in support of the allegations that, about March, 1951, defendants converted their home into a duplex, was to the effect that a basement room was made into a second kitchen, by putting in pine panel on one side of the stairs leading from main floor to basement, the installation of sink, refrigerator, and electric stove, though electric receptacle for the refrigerator was put in when the house was originally constructed, and the sink was connected to plumbing already there, since the original permit included half-sink to be installed in this room; and that three rooms and bath, including kitchen, have since been rented to named persons, constituting an occupancy of the house by two separate families. Thereafter plaintiffs closed, and defendants moved for a nonsuit, which was granted, and the exception is to this judgment. *Held*:

1. Counsel for the defendants in error in their brief say they "do not now and never have contended that the restrictions did not prevent the construction of a duplex," but they contend that the record "fails to disclose the construction of a duplex on the lot in question." Conceding, without deciding, that the house in question, as originally constructed, was not a "duplex", would the converting of a play-room, or utility room, in the basement, into a second kitchen, within itself constitute such a structural change as to make the house a "duplex"? We think not. We know of no legal reason why "one residence" should not have more than one bedroom, one bathroom, or one kitchen. In the view we take of this case, the controlling question is, whether or not a building restriction prohibiting the *erection* of a "duplex"

was violated by the owner of a residence renting out rooms to another family.

(a) "As a general rule, the owner of land in fee has the right to use the property for any lawful purpose, and any claim that there are restrictions upon such use must be clearly established. Limitations or restrictions by implication are not favored, and must be strictly construed. *Randall* v. *Atlanta Advertising Service,* 159 *Ga.* 217 (125 S. E. 462); *Kitchens* v. *Noland,* 172 *Ga.* 684 (158 S. E. 562); *Atlanta Association of Baptist Churches* v. *Cowan,* 183 *Ga.* 187 (188 S. E. 21)." *Thompson* v. *Glenwood Community Club,* 191 *Ga.* 196 (1) (12 S. E. 2d, 623). See also *David* v. *Bowen,* 191 *Ga.* 467, 469 (12 S. E. 2d, 873); *Lawson* v. *Lewis,* 205 *Ga.* 227 (3) (52 S. E. 2d, 859); *Wiggins* v. *Young,* 206 *Ga.* 440 (57 S. E. 2d, 486, 13 A.L.R. 2d, 1237); *Spencer* v. *Poole,* 207 *Ga.* 155 (1) (60 S. E. 2d, 371); *Richardson* v. *Passmore,* 207 *Ga.* 572, 573 (63 S. E. 2d, 392).

(b) Construed strictly, the covenant that *"Said property shall be used only for residential purposes with the understanding that no duplex or apartment house is to be erected thereon,* and shall not be used for cemetery, hospital, sanitorium, or any business purposes," seems to have a twofold meaning: first, the part which we have italicized applying to "building restrictions," while the latter part governs the use of the property. Had the subdivider intended that each residence was to be used by only one family, this could have been made clear by so stating in that part of this covenant dealing with the use of the property.

(c) Accordingly, we hold that the defendants, successors in estate to the grantee, are not violating this covenant by occupying the residence on the lot as a permanent home and renting out rooms to another family.

2. Evidence in support of the allegation of a violation of the prohibition against the use of the property in such a manner as "would constitute a nuisance or injure the value of any of the neighboring lots," being only to the effect that owners are using part of the house as "rental property," and had constructed an additional paved parking area in the rear of the premises as parking facilities for the "tenants", was insufficient to establish a violation of this covenant. In *Graham* v. *Phinizy,* 204 *Ga.* 638, 646 (51 S. E. 2d, 451), this court said: "A three-family dwelling house is not a nuisance per se." See also Code, § 72-101. "To determine what is by law a nuisance is an exercise of judicial power, and only those things which are by the common or statute law declared to be nuisance per se, or which in their very nature are such, may be summarily suppressed." *City of Atlanta* v. *Aycock,* 205 *Ga.* 441 (6) (53 S. E. 2d, 744).

3. There was no evidence of a violation of the covenant that "No residence shall be erected on said property to cost less than $7500 and not more than one residence shall be built on any lot," since the testimony was to the effect that the value of the residence was far greater than that stipulated in this covenant, and only one dwelling has been constructed on the lot. We do not agree with the contention of counsel for plaintiffs that dual occupancy, or occupancy by two families, converts a house into more than one residence. See *Hamm* v. *Wilson,* 168 *Ga.* 670 (148 S. E. 593); *John Hancock Mutual*

*Life Ins. Co.* v. *Davis,* 173 *Ga.* 443 (160 S. E. 393); *David* v. *Bowen,* 191 *Ga.* 467 (12 S. E. 2d, 873); *Richardson* v. *Passmore,* 207 *Ga.* 572 (63 S. E. 2d, 392).

4. The trial judge did not err in granting a nonsuit.

*Judgment affirmed. All the Justices' concur, except Atkinson, P. J., not participating.*

No. 17849. Argued May 13, 1952—Decided June 9, 1952.

*L. D. Burns Jr.* and *R. J. Reynolds Jr.,* for plaintiffs in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey* and *Welborn B. Cody,* contra.