18813. MITCHELL *et al. v.* DENSON.

346

ARGUED JANUARY 10, 1955—DECIDED FEBRUARY 15, 1955.

*S. B. Lippitt,* for plaintiffs in error.

*J. Neely Peacock, Jr.,* contra.

DUCKWORTH, Chief Justice. There is no ambiguity in the restrictions, which forbid the erection of more than one dwelling

and a garage appurtenant thereto upon a 60-foot lot. As to his 60-foot lot, the defendant seems to have thus understood and, accordingly, erected buildings in compliance with the restrictions. The controversy arose solely because he then purchased not a 60-foot lot, but a 30-foot lot, adjacent to the one he already owned and is undertaking to erect another building on the 90 feet he now owns. If the new building is on the 60-foot lot, it violates the restriction. If it is on the 30-foot lot, it violates the restriction, and the defendant does not deny either of these statements, but contends that he can evade both of them by stating the facts differently and saying he is undertaking to erect two residences on a lot of 90 feet, which is not covered by the restrictions. This case turns upon whether by thus shuffling words the restriction can be nullified. In *Smith* v. *Pindar Real Estate Co.*, 187 *Ga.* 229 (1) (200 S. E. 131), this court said: "A restrictive covenant in a deed that 'A building lot shall be a lot . . . of not less than sixty (60) feet, and purchasers are expressly restricted to the . . . [erection] of not more than one residence upon a building lot,' *definitely establishes sixty feet* as the minimum width of a lot on which a residence may be erected." (Italics ours.)

The defendant concedes the existence of the recorded restrictions, his actual knowledge thereof, and that his land is subject thereto, but contends that he has not and is not threatening to violate the same. This position of the defendant renders inapplicable the rule stated in *Jordan* v. *Orr*, 209 *Ga.* 161 (1a) (71 S. E. 2d 206), that generally the owner of the fee is entitled to use his property for any lawful purpose, and one claiming a restriction upon such use must clearly establish such restriction. Neither would the ruling in *David* v. *Bowen*, 191 *Ga.* 467, 469 (12 S. E. 2d 873), that limitations upon such use by implication must be strictly construed, be applicable. The intention of the parties as expressed in the restrictions must be given effect. *Randall* v. *Atlanta Advertising Service*, 159 *Ga.* 217 (125 S. E. 462). That intention is plainly stated that only one residence shall be placed upon a 60-foot lot, and can be effectuated only by requiring for each house a minimum of a 60-foot lot. The undisputed evidence shows a violation of the restriction, and, accordingly, the court erred in denying the injunction.

*Judgment reversed. All the Justices concur.*