19884. ROBERTS *v.* CARLOS.

CANDLER, Justice. The plaintiff in this litigation sought to enjoin the defendant from erecting a building to be used for a shopping center on land the latter owns in Palmyra Heights Subdivision "C" in the City of Albany, Georgia. The Palmyra Company, the developer of the subdivision, prepared an instrument containing certain restrictions respecting the use of the lots, caused it to be recorded in the office of the Clerk of the Superior Court of Dougherty County on July 18, 1939, and the lots were sold subject to the restrictions contained therein. The petition, which the pleader amended, alleges that he owns a lot in the subdivision, and that the defendant is erecting his building two blocks west of the plaintiff's lot in violation of specified portions of the recorded restrictions. The defendant interposed both general and special demurrers to the original petition and renewed them to the petition as amended. The demurrers were sustained and the amended petition was dismissed. The exception is to that judgment. *Held:*

As a general rule, the owner of land in fee has the right to use it for any lawful purpose, and any claim that there are re-

strictions on its use must be clearly established. *Jordon* v. *Orr*, 209 *Ga.* 161 (1a) (71 S. E. 2d 206), and citations. As to this subdivision, the recorded restrictions provide that each lot thereof is to be used solely for a residential purpose, and that no structure is to be erected on any one of the lots other than one detached single-family dwelling not more than two stories in height, and a one or two-car garage. However, by paragraph 2G of the restrictions, The Palmyra Company, the developer, retained the right to permit an owner of any one or more of the lots to use his property for any business purpose, except for the manufacture or sale of intoxicating liquors or a business which would be a nuisance or one which would be offensive to the neighborhood; and this court in *Thompson* v. *Glenwood Community Club*, 191 *Ga.* 196 (12 S. E. 2d 623), held that the retention of such a right is valid and binding on those who purchase a lot or lots in the subdivision. The defendant, as the record shows, obtained a written permit from the developer of the subdivision on May 9, 1957, to use his lots for any business purpose, except for the manufacture or sale of intoxicating liquors or beverages or a filling station for the sale of gasoline and oil. It is conceded in the brief for the plaintiff in error that the defendant, in virtue of the permit granted him by the developer, is authorized to erect a building on his lots for use as a shopping center; but it is alleged in the amended petition that he is erecting his building in violation of the provisions contained in paragraphs 2A and 2B of the recorded restrictions. This position is untenable. Except as to the restriction in paragraph 2A which provides that no structure on a corner lot of the subdivision shall be erected nearer than ten feet to the side street line, the restrictions contained in these two paragraphs relate solely to dwellings on three specified avenues of the subdivision, and the amended petition does not allege that the defendant is erecting his building at a place on a corner lot nearer than ten feet to the side line of any street or avenue in the subdivision. Hence, the amended petition failed to state a cause of action for the relief sought, and the trial judge properly dismissed it on general demurrer.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 14, 1957—DECIDED NOVEMBER 8, 1957.

*Robert W. Reynolds,* for plaintiff in error.
*Asa D. Kelley, Jr., Smith, Gardner & Kelley,* contra.