23466. THE DECK, INC. et al. v. NOE.

MOBLEY, Justice. The petitioner, Irene M. Noe, brought an action seeking to enjoin defendants from violating a restrictive covenant in a deed in that defendants had constructed a building on the property for the purpose of the sale of alcoholic beverages in violation of the covenant. Defendants filed general demurrers to the petition. The trial court overruled

these demurrers and granted a temporary restraining order. Defendants appeal from the ruling on the demurrers. *Held:*
1. Defendants, appellants here, contend that the rule as set out in *Torrance v. McDougald,* 12 Ga. 526 (2) ". . . That general and unlimited terms are restrained and limited by particular recitals, when used in connexion with them. . ." is to be applied to the covenant in this case and that, when so construed, the covenant would not prohibit the use of the property proposed by appellants. The covenant is as follows: "It is hereby understood and agreed that the real property hereby conveyed shall not be used for any purpose other than the erection, maintenance and operation thereon of a motor court, and in this connection the sale of petroleum products and the operation of a restaurant upon said property are expressly prohibited." The rule of construction urged by appellants is not applicable to this covenant because the term "motor court" as used in the covenant is not a general or unlimited term. It is a specific term and the use of the land is restricted specifically to the "erection, maintenance and operation thereon of a motor court." The provision "and in this connection the sale of petroleum products and the operation of a restaurant upon said property are expressly prohibited" does not create an ambiguity, nor is it in conflict with nor does it modify the provision that the property may only be used for a motor court. The manifest intent of the grantor was that the property may only be used for a motor court, and particularly not for a restaurant or service station. The manifest intent being the cardinal rule of construction will control over the rule of strict construction against restrictions on the use of land. *Voyles v. Knight,* 220 Ga. 305, 306 (138 SE2d 565).

We find the following from cases citing the rule in *Torrance v. McDougald,* 12 Ga. 526, supra, that "general and unlimited terms are restrained and limited by particular recitals, when used in connection with them." In *Ross v. Jones,* 151 Ga. 425, 428 (107 SE 160) Section I of a statute provided that upon the passage of the Act the court should appoint an additional judge in the Macon Circuit. Section XI provided that the "Act shall not go into effect until November 1st, 1920." The court held that the latter provision prevailed, as it was specific and that "upon" used in Section I could mean after approval. In *McCann v. Glynn Lumber Co.,* 199 Ga. 669 (34 SE2d 839)

(Jenkins, J., dissenting), a contract for sale of timber recited that in consideration of $35,000 the vendor and vendee agreed to the following: the vendor granted vendee a license to cut timber of described kinds and sizes on described lands and provided that vendees were to pay $12.50 per thousand for the timber and that the lease should terminate on December 31, 1946. Vendor contended that the vendee had a right to cut only $35,000 worth of timber, and vendee that he could cut and remove all the timber he could prior to the expiration of the lease and pay $12.50 per thousand for it. The majority held that the latter provision was specific and would prevail over the general.

*Mayor &c. of Savannah v. Savannah Elec. &c. Co.,* 205 Ga. 429 (54 SE2d 260) held that an ordinance fixing a tax specifically stating that the tax was on total operations of the street railway company excluded tax on buses operated in the city, as the first provision encompassed busses of the street railway company.

*McVay v. Anderson,* 221 Ga. 381, 383 (144 SE2d 741), citing all the above cases, merely held that under two indentures made in 1935 and 1937, specific provision was made as to whom the property should go.

The ruling in each of those cases is entirely consistent with our view that the statement first made in *Torrance v. McDougald,* 12 Ga. 526, supra, that general and unlimited terms are restrained and limited by particular recitals is not applicable in this case, and the cases of *Jordan v. Orr,* 209 Ga. 161 (71 SE2d 206); *Randall v. Atlanta Advertising Service,* 159 Ga. 217 (125 SE 462); and *David v. Bowen,* 191 Ga. 467 (12 SE2d 873), relied upon by appellant, do not apply the rule in *Torrance v. McDougald,* supra.

Though we are of the opinion that the rule of strict construction would not apply in this case, even applying the general rule of strict construction of restrictive covenants limiting the use of land against the grantor as stated in *Thompson v. Glenwood Community Club,* 191 Ga. 196 (1) (12 SE2d 623) and cases cited, and in *Voyles v. Knight,* 220 Ga. 305, supra, and cases cited, and, at the same time, keeping in mind that the manifest intention of the parties to such covenants must be given effect (*Mitchell v. Denson,* 211 Ga. 345 (86 SE2d 101); *Voyles v. Knight,* supra,) the erection of a building for the purpose of selling alcoholic beverages on the property in the

deed violates the restriction in the covenant. The covenant restricts use of the property specifically to the erection, maintenance, and operation of a motor court, notwithstanding there are further uses in connection with this use expressly prohibited.

The petition states a cause of action for the relief sought as it alleges an imminent violation of the covenant by the erection of a building and securing of a license to sell alcoholic beverages.

Thus, the trial court did not err in overruling the general demurrers to the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 9, 1966—DECIDED MAY 26, 1966.

*Cowart, Sapp, Alaimo & Gale, G. B. Cowart, Robert Asa Sapp,* for appellants.

*Murray M. Silver,* for appellee.