## ARNOVITZ *v.* MURPHY REAL ESTATE COMPANY.

Restrictions confining the use of certain realty to residential purposes only, imposed by a grantor in a covenant in a deed and accepted by the grantee, may bind all subsequent grantees who hold possession and claim title under the first grantee, but do not bind a party in possession of such property unless it is made to appear that his title was derived from the first grantee. In the present case, it not appearing that the defendant held possession or claimed title under the grantee of the plaintiff in whose deed the restrictive covenant appeared, the court erred in granting an interlocutory injunction restraining the defendant from completing his storehouses.

No. 5684. SEPTEMBER 13, 1927.

Injunction. Before Judge Pomeroy. Fulton superior court. September 3, 1926.

*Charles W. Anderson,* for plaintiff in error.

*Troutman & Troutman,* contra.

RUSSELL, C. J. Jacob Arnovitz was proceeding to erect two frame storehouses with pressed brick and glass fronts, when the Murphy Real Estate Company filed a petition to enjoin the erection of the buildings, and procured a temporary restraining order and a rule calling upon Arnovitz to show cause why he should not be enjoined as prayed. The defendant filed an answer, and prayed that no injunction be granted, and that the restraining order already issued be dissolved. He also demurred to the petition, upon the ground that the facts alleged presented no cause for equitable relief. Upon the hearing the court granted an interlocutory injunction forbidding the defendant to proceed with the construction of the building until the further order of the court. The merits of the demurrer were not considered or adjudicated by the judge. In the bill of exceptions Arnovitz assigns error upon the admission of certain affidavits offered by the petitioner, because they were

---

Deeds, 18 C. J. p. 394, n. 11.

not properly entitled in the cause; and because, even if admissible, they were not competent evidence. Error is further assigned because, as is insisted, the judgment of the judge is not supported by any evidence showing that the lot upon which the plaintiff in error was erecting the storehouses was acquired from Garrett G. Long, the party to whom the deed from the Murphy Real Estate Company was executed; and it is insisted that for this reason the plaintiff in error is not bound by the stipulation in the deed which restricted the use of the premises conveyed to residential purposes. It is further insisted that the court was not authorized to find, even if Arnovitz held under the Murphy Real Estate Company, that the stipulation was a covenant running with the land, for the reason that such is not the case, because the stipulation is a mere restrictive agreement which does not bind subsequent grantees purchasing without notice of such restriction. It is insisted that the plaintiff in error had no actual knowledge of the inhibition contained in the original deed from the Murphy Real Estate Company; that constructive notice is insufficient to bind the plaintiff in error as a subsequent grantee; and that the stipulation, being a mere recital in the deed, is not binding upon him as a subsequent grantee.

On December 22, 1922, the Murphy Real Estate Company conveyed to Garrett G. Long a lot described in the petition as follows: "All that tract or parcel of land lying and being in land lot 118 of the 14th district of Fulton County, Georgia, being lot No. 50 of the Murphy Real Estate Subdivision, as per plat of O. F. Kaufman, C. E., on file in the Adair Realty & Trust Company's office. Commencing at the northeast corner of Peeples Street and White Street, and running thence east [?] along the east side of Peeples Street, 53.9 feet to lot No. 51; thence east along the line of lot No. 51, 181.1 feet to lot No. 49; thence south along the line of lot No. 49, 56.8 feet to the northern line of White Street; thence west along the north side of White Street, 182 feet to the point of beginning. The said deed is recorded in the office of the clerk of this court in Book 721, page 210." The deed contained three restrictions: "The land herein is sold and conveyed subject to the following restrictions numbered one to three, which shall be binding upon the said Garrett G. Long and all persons claiming under him for a period extending to January 1, 1960. 1. Said land

shall not be used otherwise than for residence purposes." The remaining two restrictions are in no way involved in this case. In the petition it is alleged: (3) "That defendant acquired the title to said estate through various deeds and conveyances, and holds under the said Garrett G. Long." (4) "That the defendant took title to said property with notice of said restrictions on its use, as contained in said deed from petitioner to Garrett G. Long." The defendant, among other things, in his answer denied both paragraphs 3 and 4. In the view we take of this case it is only necessary to consider two of the exceptions; for in the state of the present record, even if error is shown in any of the other assignments of error, the errors complained of were harmless. Under the allegations of the petition it was essential to the plaintiff's case that it be made to appear that the defendant Arnovitz claimed title and had his possession under Garrett G. Long. Even if he held under Garrett G. Long, it might be necessary to show that he had notice, either actual or constructive, of the restriction imposed upon Long; but unless it appeared from the evidence that Arnovitz purchased the land from a grantee of Long or the grantee of some grantee of such grantee, the plaintiff was not entitled to invoke the harsh remedy of injunction. A careful review of the record fails to disclose that the defendant either claims or holds under Long. The plaintiff proved that the Murphy Real Estate Company sold lot No. 50 in their subdivision to Garrett G. Long by deed of December 22, 1922. The defendant introduced a deed showing that he held title under a deed containing no restrictions, dated April 19, 1926, from the Colonial Trust Company. The introduction of this deed did not relieve the plaintiff from showing that Arnovitz held under Long, as alleged in the petition. This fact might have been proved by showing that the Colonial Trust Company purchased from Long or any grantee of Long, but no evidence was introduced upon this subject. So far as appears from the record, the Colonial Trust Company may have purchased from the Murphy Real Estate Company prior to the purchase by Long, and without any restrictions whatever. It further appears from the deed introduced in evidence that the lot purchased by Arnovitz from the Colonial Trust Company is of considerably smaller dimensions than the lot sold by the Murphy Real Estate Company to Long; so that it is by no means certain

that the Colonial Trust Company purchased from Long or from any one claiming under him. The burden was upon the plaintiff to show this fact; and in view of the allegations of the petition, proof of the fact that the Colonial Trust Company purchased from Long or claimed title under him through intervening grantees was essential. We think, therefore, that the exception that the judgment of the court is not supported by the evidence is well taken.

*Judgment reversed. All the Justices concur.*