REAL ESTATE OPERATORS INC. *et al.* v. McMAHON *et al.*

No. 7793.   November 14, 1930.

458

*Alston, Alston, Foster & Moise,* for plaintiffs in error.
*McDaniel, Neely & Marshall* and *Thomas M. Stubbs,* contra.
HINES, J. (After stating the foregoing facts.)

Did the trial judge err in admitting in evidence the deed from Southern Real Estate Improvement Company to Edwin P. Ansley, dated October 8, 1906, and the plat of Ansley Park made

by S. Z. Ruff, C. E., on September 18, 1906, over the objection of counsel for the defendants that this deed and this plat were irrelevant? These documents were introduced by the plaintiffs to show a general plan of the development of Ansley Park on the part of Edwin P. Ansley and the Southern Real Estate Improvement Company, both of whom were predecessors in the chain of title under which plaintiffs and the defendant, Real Estate Operators, Inc., claim. These documents do not show such general plan. On the contrary they show separate and specific plans of development of different portions of Ansley Park, and that there was no uniform general plan of development. As we have seen, block 12 of this plat shows that it was divided into three large lots and one small lot; and was without any lines indicating any building restrictions. This plat shows that block 11 was divided into three large lots and into eight small ones. The three large lots are without lines indicating any building restrictions. The eight small ones, which face upon Westminster Drive, have a line which fixes the distance from said drive at which buildings can be erected on these lots. This plat does not show any building lines upon the numerous lots in this park which face on Peachtree, West Peachtree, Fifteenth, and Center Streets, west of Peachtree Street. This plat shows a building-restriction line on the lots embraced in block 17. South of this block is a parcel of land marked "undivided property," which upon the subsequent plat of December 2, 1908, is designated as block 17A. Upon neither of these plats are there lines indicating any building restrictions. The building-restriction lines on different parcels in this map vary as to width. On some of the lots the building line is 25 feet from the abutting streets; on others it is 50 feet; and on still others it is 75 feet. In view of the facts appearing on this plat, which is made part of the above deed, we do not think that this deed and this plat were admissible for the purpose of showing a uniform and general plan for the development of this property. We recognize the rule that, independently of these instruments, restrictions under a general plan adopted by the owner to sell lots could be shown, and that in equity such restrictions might be imposed on lots beyond the express restrictions contained in the deeds to purchasers, on the theory of implied covenants; and that in a proper case equity will enforce against the covenantor's grantee a personal covenant imposing

restrictions on the use of land contained in the grant thereof. *Phillips* v. *Ingram,* 163 *Ga.* 580, 586 (136 S. E. 785). But there is no evidence in the record, other than what is contained in the above deed and plat, which shows that the developers of Ansley Park had adopted such general uniform plan, unless such plan was adopted subsequently to the execution of the above deed and plat, with which view of the case we will deal next. In the absence of such evidence, we think that this deed and plat were irrelevant, and that the trial judge erred in admitting these documents in evidence.

■ It is next insisted by its counsel that the defendant, Real Estate Operators Inc., is not bound by the restrictions contained in the deed with which we have dealt in the foregoing division of this opinion, for the reason that this deed does not constitute one of the muniments of its title. The plaintiffs, who reside on Barksdale Drive, derived their titles to their lots in block 17 under derivative conveyances from the vendee in the above deed from Southern Real Estate Improvement Company to Edwin P. Ansley, dated October 8, 1906. J. S. McMahon is the only plaintiff who has title to any part of the property located in block 17A of Ansley Park. The other plaintiffs own property either in block 17 or in Walker Terrace; and the plaintiffs, who reside in Walker Terrace, with the exception of McMahon, derived their title through the Walker estate, and not through Edwin P. Ansley or Southern Real Estate Improvement Company. The title to the property embraced in block 17A is derived from a deed from the Southern Real Estate Improvement Company to Edwin P. Ansley, dated December 12, 1908. So none of the plaintiffs, except McMahon, claim title to any of the property located in block 17A under any muniment of title under which the defendant, Real Estate Operators Inc., claims title. A deed to constitute one of the muniments of a purchaser's title must be one to the same land, and not a deed from his grantor, or from one under whom he claims as privy in estate, to other land; and this is true even though the prior deed of his grantor, or the person under whom he claims, conveys a lot or parcel of the same general tract. *Hancock* v. *Gumm,* 151 *Ga.* 667 (107 S. E. 872, 16 A. L. R. 1003). The rule in this State is that a recorded deed, in order to operate as a constructive notice to a bona fide purchaser of land, must be a link in the purchaser's

chain of title. *Coursey* v. *Coursey,* 141 *Ga.* 65, 68 (80 S. E. 462). A deed lying outside of a purchaser's chain of title is not constructive notice of the instrument. Where a recorded deed to a lot forming part of a larger tract contains restrictive covenants, which by their terms apply not only to the lot conveyed, but to other lands of the grantor, a purchaser of one of the lots is not charged with notice of the covenants contained in a prior deed from the grantor to another lot or parcel of the general tract. So it follows that the record of the above deed from Southern Real Estate Improvement Company to Edwin P. Ansley, dated October 8, 1906, was not constructive notice to the defendant, Real Estate Operators Inc., of the building restrictions contained therein. There is in the record no aliunde proof tending to show that this defendant had any notice of the restrictions embraced in said deed when it became the purchaser of the lot now in question. So this defendant can not be held bound by the building restrictions contained in that instrument. So, if nothing further appears in the record to take the case out of the principle just announced, none of the plaintiffs except McMahon made a case which would entitle them to obtain the relief prayed by them.

■ But both the plaintiff McMahon, and the defendant Real Estate Operators Inc., claim title to their adjoining lots under derivative titles from the Southern Real Estate Improvement Company. Both claim under the above deed from that company to Ansley, dated December 12, 1908. So the above conveyance by Southern Real Estate Improvement Company to Ansley constitutes a link in the chain of title under which both McMahon and said defendant claim title. It follows, therefore, that any building restrictions contained in this deed furnish constructive notice to said defendant of such building restrictions; and it would be bound by such building restrictions, if the same are found to be applicable to the premises in question. This brings us to consider the question whether the deed from said company to Ansley contains a building restriction which prohibits this defendant from erecting its apartment-house on the lot owned by it nearer to the streets upon which it abuts than 25 feet. The above deed from said company to Ansley conveyed various lots and parts of lots in various blocks shown on a plat of Ansley Park made by Ruff on December 2, 1908, and in addition thereto a block of land designated on said

plat as block 17A. This deed recites that it is made subject to four restrictions therein set out, which shall be binding upon the grantee, and all persons holding by, through, or under him. This deed contains this restriction: "No building shall be placed upon said property or any part thereof nearer to the street line than such building limits as are shown on said plat of December 2, 1908." Also this provision: "Said property and all of it is sold subject to the foregoing restrictions, which are conditions of sale; and for a violation of the terms thereof by the said party of the second part, or any person or persons holding or claiming under or through him, the right is expressly reserved to the Southern Real Estate Improvement Company, and its successors and assigns, and to any person whose interest may be affected by such violations, to proceed by law to compel a compliance with the terms thereof." So we are confronted with the question whether the above building restriction is applicable to block 17A in Ansley Park. In answering this question we must first determine the meaning of the restriction quoted above. It provides that no building shall be placed upon the property conveyed by said deed, or any part thereof, "nearer to the street line than such building limits as are shown on said plat of December 2, 1908." We have seen that said plat shows building lines upon some of the portions of the property conveyed by the above deed. It shows other portions of said property, including block 17A, without any lines indicating building limits. This restriction prohibits the placing of any buildings on said property or any part thereof nearer to the street line than the building limits which are shown on said plat of December 2, 1908. Does this mean that it was the purpose of this conveyance to extend the building limits appearing on portions of the property conveyed by this deed to all other portions thereby conveyed, and to prohibit the erection of any buildings on the portions so extended, in accord with such building limits? Was it the purpose of the conveyance to preserve existing limits alone, or to create new and additional limits, embracing all the property embraced in this deed and plat of December 2, 1908, which is made a part thereof? The limits referred to in this provision are limits which were then in existence. It refers to limits shown on the plat of December 2, 1908. If it were the purpose to add new building limits and to subject all the property conveyed in this deed to such limits, the

464

draftsman of this deed would have used language more appropriate to secure that purpose. He would not merely have referred to limits as shown by the plat of December 2, 1908. The broad language in said restriction "said property, or any part thereof" and "said property and all of it" refers to all property with building lines shown by said plat; and was not intended to embrace other property shown on said plat without building lines. Besides, it appears from the evidence in the record, that, during the progress of the preparation of this plat, the question of extending these building lines to block 17A was discussed between the parties to this deed, and it was decided not to extend to block 17A the building lines appearing upon other portions of the land embraced therein. Furthermore, the practice in this matter is in accord with this decision. Fifteen years ago or more, the Babbage Apartments were built on the southern part of this block and in disregard of this restriction. Mangham built a small apartment or duplex on the northeastern portion of this block, and conveyed it to McMahon, one of the plaintiffs, in 1924. It also appears that various apartment-houses have been erected in different sections of Ansley Park on lots on which no building lines are shown by said plat. Construing this provision fairly against the grantor and those claiming under him, we are of the opinion that the limits referred to in this restriction are those shown upon this map; and that it was not intended to embrace limits which would be created by the extension of these lines and limits to all portions of the property embraced in this plat and conveyed by this deed. This being so, we are of the opinion that the trial judge erred in this construction of this restriction, and in directing a verdict enjoining this defendant from erecting apartment-house on this property.

*Judgment reversed. All the Justices concur.*