18822. McKEE *et al. v.* HUBERT *et al.*

SUBMITTED JANUARY 12, 1955—DECIDED FEBRUARY 14, 1955.

*J. T. Sisk*, for plaintiff in error.

*Grant, Wiggins, Grizzard & Smith*, contra.

HEAD, Justice. Generally, the owner of land in fee has the right to use his land for any lawful purpose. *Kitchens* v. *Noland*, 172 *Ga.* 684 (158 S. E. 562); *England* v. *Atkinson*, 196 *Ga.* 181 (26 S. E. 2d 431); *Spencer* v. *Poole*, 207 *Ga.* 155 (60 S. E. 2d 371). Restrictions upon the use of property not appearing in the chain of title, but alleged to exist by implication, can only be established by evidence that is clear and beyond a reasonable doubt. *England* v. *Atkinson*, supra; *Shemwell* v. *McIntosh*, 204 *Ga.* 894 (52 S. E. 2d 464); *Lawson* v. *Lewis*, 205 *Ga.* 227 (52 S. E. 2d 859).

The undisputed evidence in the present case shows that W. C.

House sold all of the property in the year 1945, and the purported restrictions signed by House on April 8, 1946, under the uncontradicted testimony of Gordon Nalley (who stated that he printed the restrictions on the plat), did not come into existence until after January 1, 1946. The testimony for the plaintiffs established that the names appearing on the plat of April 28, 1945, were placed there solely as a means of identification as to whom certain lots had been sold (as stated by counsel for the plaintiffs and set forth in the statement of facts). No other plat was offered in evidence or appears in the record bearing the names of the property owners. The plaintiffs' evidence shows that there were no valid restrictions on the property either by action of the former owner, W. C. House, or by an alleged agreement of the property owners. The testimony of the plaintiff Vernon McKee, while vague and contradictory, and therefore to be construed most strongly against the plaintiffs (*Davis* v. *Akridge*, 199 *Ga.* 867, 868 (2), 36 S. E. 2d 102), was sufficient to show that there was an agreement by the property owners to modify the purported original restrictions claimed by the plaintiffs.

The undisputed evidence demanded a finding that the plaintiffs were not entitled to any of the relief sought by them. If the court erred, as contended, in admitting or excluding certain evidence, the plaintiffs were not hurt by such rulings, since the evidence introduced by the plaintiffs disproved their contentions as to any valid restrictions existing on the property of the defendant Hubert.

*Judgment affirmed. All the Justices concur.*