Nile L. SIPES and Mary Frances Sipes,
Appellants,

v.

KANSAS CITY TITLE INSURANCE COM-
PANY, a Corporation, Respondent.

No. 23862.

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1963.

Allan R. Browne, Ennis, Browne & Mar-
tin, Kansas City, for appellants.

Thos. M. Sullivan, Downey, Abrams &
Sullivan, Kansas City, for respondent.

BROADDUS, Presiding Judge.

This is an action wherein the plaintiffs
sued upon a mortgagees' policy of insur-
ance and received a verdict in the trial
court, which verdict was set aside by the
trial judge, who then entered judgment for
the defendant. Plaintiffs appealed.

Respondent filed a motion to dis-
miss the appeal on the ground that ap-
pellants' brief fails to comply with Supreme
Court Rule 83.05, V.A.M.R. Although the
motion is not without merit, we have con-
cluded, in the exercise of our discretion,
to overrule it.

While many matters are discussed in
appellants' brief the vital question in the
case is a simple one. It arises from the
following facts.

Appellants were the owners of the prem-
ises known as 1824 Agnes, Kansas City,
Missouri. On November 24, 1956, they
entered into a written contract to sell the
property to one Amos Hindsman for the
sum of $3750. The contract provided that
"this sale is contingent upon the Robert
Williams Real Estate Company selling a
first mortgage loan. It is understood and
agreed that the sellers are to receive a
total of $1500. Also sellers are to receive
a second mortgage note in the amount of

 

"$2250." Pursuant to the above contract appellants conveyed the premises by warranty deed to Hindsman. Appellants were paid the sum of $1500 called for in the sales contract.

On December 17, 1956, respondent issued to appellants its mortgagees' policy of insurance by the terms of which it insured appellants as owners of a deed of trust, dated December 17, 1956, executed by Amos Hindsman, given to secure the payment of a promissory note for the sum of $2250 against "loss" which appellants were to "sustain by reason of any *defect in the execution* of said deed of trust."

Excluded from coverage under the policy was a first deed of trust dated December 17, 1956, executed by Amos Hindsman given to secure the payment of a promissory note for the sum of $3750.

Appellants' petition alleges the issuance of the policy, recites its terms, and states "that there was a defect in the execution of said deed of trust and its note, in that the purported signatures of Amos Hindsman thereto were not genuine" and by reason thereof appellants suffered loss and damage in the sum of $2250.

Default was made in the payment of the indebtedness described in the first deed of trust, and the property was sold on October 4, 1960, by the Sheriff of Jackson County, as substitute trustee under the deed of trust, to one E. L. Parker for the sum of $2000. The sale was properly advertised, and, insofar as the record discloses, Parker was an innocent purchaser.

Appellants' *loss did not come from any defect in the execution* of the second deed of trust covered by the policy. It came about by reason of the foreclosure on the first deed of trust, which was *excepted* from coverage under the policy. Of that, there can be no doubt. This because under our system of deeds of trust, the trustee's sale operates as a complete foreclosure and cuts off a second deed of trust as completely as if there had been a decree of foreclosure with all parties before the court. S. S. Kresge Co. v. Shankman, 240 Mo.App. 639, 212 S.W.2d 794, 801; Greene v. Spitzer, 343 Mo. 751, 123 S.W.2d 57, 60. Whether or not the second deed of trust was actually executed by Hindsman is immaterial. It was, as respondent says, "cut out" by the foreclosure sale.

Appellants not having sustained a loss which fell within the terms of the policy sued on, the trial court was right in entering judgment for respondent.

The judgment is affirmed.

All concur including HIGGINS, Special Judge.