## 33275. PINETREE ESTATES HOMEOWNERS ASSOCIATION et al. v. FIRST UNITED LUTHERAN CHURCH OF COBB COUNTY.

PER CURIAM.

Pinetree Estates Homeowners Association and six homeowners in the Pinetree Country Club Estates subdivision brought a complaint to enjoin First United Lutheran Church of Cobb County from building a church on the property owned by the Church, asserting that the subdivision in which the property is located has restrictive covenants which prohibit the building of a church. After a hearing the trial judge denied temporary and permanent injunction, and the appeal is from this judgment. We affirm.

1. The homeowners contend that the court erred in failing to put them on notice at the beginning of the hearing that a final determination of the issue would be made; in failing to allow them to present evidence by witnesses and to have opening and closing arguments; and in ruling out certain exhibits offered by them.

There is no merit in these contentions. The judge's order recites the documents considered by him, and states that it was stipulated by the parties that the hearing would be based upon these stipulated documents and would be the final hearing of all issues, and that the court, sitting without a jury, would make the final judgment.

2. The homeowners proved the chain of title of the Church. Pinetree Corporation was in the Church's chain of title. Revised restrictive covenants were entered into between numerous lot owners, including Pinetree Corporation, of a subdivision known as Pinetree Estates. The homeowners contend that the Church had constructive notice of these covenants, which were recorded in the deed records.

The homeowners failed to carry their burden of proving that they had the right to enforce the restrictions, since they failed to prove their own chains of title. It was necessary for them to show that they, or at least one of them, and the Church had a common grantor bound by the restrictive covenants. *Arnovitz v. Murphy Real Estate Co.,*

164 Ga. 739 (139 SE 530) (1927); *Real Estate Operators v. McMahon,* 171 Ga. 454, 461 (2) (155 SE 755) (1930).`

It was not error, therefore, for the trial judge to refuse to enjoin the building of the church.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs specially, and Hill, J., who concurs in the judgment only.*

ARGUED FEBRUARY 14, 1978 — DECIDED APRIL 18, 1978.

*Fredericks, Jones & Wilbur, Jimmy W. Jones,* for appellants.

*Morris, O'Brien, Manning & Brown, Barry B. McGough, Joseph R. Manning, Fred D. Bentley, Sr.,* for appellee.

JORDAN, Justice, concurring specially.

I concur in the judgment of affirmance for the reason given in the opinion of the court. It is my view that the judgment is right for the further reason that the Church did not have actual or constructive notice of the restrictions.

"The burden of a restrictive agreement does not pass to the assignee where such assignee is a purchaser of the land for value and without notice, actual or constructive, of the agreement." *Hancock v. Gumm,* 151 Ga. 667 (1) (107 SE 872) (1921).

"Limitations or restrictions by implication are not favored, and must be strictly construed." *Thompson v. Glenwood Community Club,* 191 Ga. 196 (1) (12 SE2d 623) (1940); *Kitchens v. Noland,* 172 Ga. 684, 689 (158 SE 562) (1931); *Jones v. Lanier Development Co.,* 190 Ga. 887, 889 (3) (11 SE2d 11) (1940); *Wiggins v. Young,* 206 Ga. 440 (2) (57 SE2d 486) (1950); *Jordan v. Orr,* 209 Ga. 161 (1a) (71 SE2d 206) (1952).

There was no contention that the Church had actual notice of the restrictions prior to purchase.

It is my view that the restrictions placed on record, which were not referred to in any deed in the Church's chain of title, nor in the plats of record referred to in the deeds, would not be constructive notice to the Church of

the restrictions on the property.