**GENESIS ENGINEERING COMPANY, INC., Appellant,**

v.

**John HUESER, et al., Respondents.**

**No. WD 44946.**

Missouri Court of Appeals, Western District.

March 17, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 28, 1992.

Application to Transfer Denied June 2, 1992.

D. Scott Forrester, Lee's Summit, for appellant.

Gerald L. Thompson, Kansas City, for John Hueser and Mulkey Co., Inc.

Irvin V. Belzer, Kansas City, for Mark Twain Kansas City Bank.

Rebecca D. Martin, Kansas City, for Gregg III Corp.

Carl L. Chinnery, Lee's Summit, for P & G Grading, Inc.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.

KENNEDY, Judge.

The ultimate issue in this case is which lien has priority as between a deed of trust on a tract of land, securing the repayment of a promissory note for $1,700,000, and a mechanic's lien for $40,500 for engineering work done upon the premises in the development of the tract. The question before us on this appeal, however, is whether the trial court erred in granting summary judgment for the deed of trust, as against the mechanic's lien holder's contention that the holder of the deed of trust had waived its priority.

The promissory note and deed of trust ran from Mulkey Acres Development Company to Mark Twain Bank. They bore the date of May 1, 1986, and the deed of trust was duly filed for record. By the terms of the note, the proceeds were for use for the purchase of the tract of land "for develop-

ment or resale." The proceeds were used for the purchase of the land.

Well after the purchase money deed of trust was in place, Genesis Engineering Company later commenced its work on a residential development of the premises, with various auxiliary facilities. It continued to render services till March 7, 1989. It filed its mechanic's lien on that date.

Default was made in the payment of the Mark Twain note and deed of trust. The deed of trust was foreclosed, and Mark Twain was the successful bidder at the foreclosure sale held June 28, 1989, for an amount which only paid the note, accrued interest and foreclosure expenses.

Did the sale in foreclosure of the deed of trust extinguish the mechanic's lien? The trial court upon Mark Twain's motion for summary judgment held it did, and granted summary judgment for Mark Twain. Genesis Engineering has appealed.

The priority of the Mark Twain deed of trust with respect to the land (as opposed to the improvements) is clear unless it waived its priority in favor of the Genesis Engineering mechanic's lien. Section 429.-060, RSMo 1986.

■ The holder of a prior lien may waive its priority either expressly or impliedly. *Union Elec. Co. v. Clayton Center Ltd.*, 634 S.W.2d 261, 263 (Mo.App.1982).

There is no claim of any express waiver by Mark Twain. The parties divide on the question whether there was an implied waiver. Mark Twain says there was as a matter of law no such waiver, and the court correctly granted its motion for summary judgment. Genesis Engineering, on the other hand, says there is under the materials and evidence before the court a "genuine issue of material fact" with reference to the implied waiver, Rule 74.04(c), and that the court therefore erred in granting summary judgment in Mark Twain's favor.

■ No waiver of its deed of trust's priority may be implied from Mark Twain's knowledge, if any, at the time of its lien, that improvements would be made upon the subject land. *Kranz v. Centropolis Crusher, Inc.*, 630 S.W.2d 140, 149 (Mo. App.1982).

■ There is evidence, however, that Mark Twain was actively involved in the development project. Jerry Morrow, who was president of Genesis Engineering, testified to regular meetings, beginning in the middle of 1987, attended by persons involved in the development.[1] These meetings it should be observed, began soon after Genesis Engineering commenced its work on the premises. Among the regular attendants at the meetings was Steve Williams, vice-president of Mark Twain. Williams had asked to be included in the meetings "so he knew where the project was." Morrow testified: "Most of the time [Williams] was an observer. If he had comments, he commented." Williams, according to Morrow's testimony, expressed an emphatic opinion that a planned golf course should be 18 holes instead of nine. He gave advice about the location of a road. Some of the meetings were at the bank at Williams' office. These were usually "to update projected need for funds and go over what it was to be spent on and how the flow of money was coming out and the problems we had with him releasing checks quicker and that sort of thing." Morrow further testified that Williams co-signed, or initialled, all checks payable for improvements being made on the land, including checks to Genesis Engineering.

This evidence of Mark Twain's involvement and its active role with the construction project raises a factual issue of waiver. According to the Morrow deposition testimony, there was a great deal more to Mark Twain's role than that of passive observer. There was continuing oversight and posi-

---

1. The Jerry Morrow deposition was not included in the record on appeal filed by appellant. Since similar evidence was not presented to the trial court by affidavit or otherwise, see Rule 74.04, the deposition was the only source of the evidence cited in the opinion. This court has *sua sponte* brought up the deposition from the trial court, Rule 84.03. The court has not done so cheerfully. It is the appellant's burden to bring us a record sufficient to support his arguments for reversal. Rule 81.12.

tive contributions to the shape and direction of the development. There is evidence also of a second deed of trust, dated December 21, 1987, from Mulkey Acres Development Company to Mark Twain. Such evidence may show Mark Twain's waiver of the priority of its deed of trust over the Genesis Engineering mechanic's lien. See *Westinghouse Elec. Co. v. Vann Realty Co.*, 568 S.W.2d 777 (Mo. banc 1978); *Kranz*, supra.

 Mark Twain argues that it can be held to have waived the priority of its deed of trust only if it is shown to have had actual knowledge of the planned improvements at the time of its original purchase money loan, and to have been involved at that point in the development plan. This argument assumes that the waiver of priority must have taken place, if at all, at the time the original loan was made, before the improvement was ever commenced, and to have operated prospectively.

It is true that, in many of the cases where waiver of deed of trust priority has been found, the lender was actively involved in the improvement project from the time of making his loan. It may be that the mechanic's lien holder would make a stronger case by showing the lender's initial involvement in the improvement project, but we do not read the cases to hold the waiver of priority must in every case be done at the time the original loan is made, in advance of the beginning of improvements. Waiver is essentially a matter of intention, to be determined, usually, from the facts and circumstances. See *Westinghouse Elec. Co.*, supra; *Kranz*, supra; and 42 Mo.L.Rev. 53, 73–74 (1977). We know of no reason it may not occur after the purchase money loan has been made, when the improvements are in progress.

We find in this record some rather nebulous evidence that Mark Twain was privy to plans for development even at the time of the purchase money loan, and was to some extent involved in the projected development, but we do not place our decision on that ground.

The summary judgment for Mark Twain is reversed, and the cause is remanded to the trial court for further proceedings.

All concur.