**FEDERAL DEPOSIT INSURANCE CORP., as Receiver for First Exchange Bank of St. Louis, Plaintiff/Respondent,**

v.

**John R. BOYCE and Brookfield Foods, Inc., Defendants/Appellants.**

**No. 67958.**

Missouri Court of Appeals, Eastern District, Division Three.

April 23, 1996.

Kenneth C. Jones, Boyce, Horne & Jones, L.C., St. Louis, for Appellant.

Michael A. Campbell, Francis J. Murphy, III, Campbell & Coyne, P.C., St. Louis, Ann S. DuRoss, Assistant General Counsel, Richard J. Osterman, Jr., Senior Counsel, E. Whitney Drake, Special Counsel, Federal Deposit Insurance Corporation, Washington, DC, for Respondent.

GERALD M. SMITH, Presiding Judge.

Defendants Boyce and Brookfield Foods, Inc. appeal from a summary judgment entered against them and in favor of Federal Deposit Insurance Corporation (FDIC) for the balance due on a note executed by Brookfield and personally guaranteed by Boyce. We affirm.

■ Brookfield owned real estate on the corner of North Outer Forty Road and Nardin Drive in St. Louis County. Boatmen's National Bank held a first deed of trust on the property which secured a loan with a balance at the time of foreclosure of $132,-386.41. First Exchange Bank held a second deed of trust on the property, securing a loan to Brookfield made in August 1990 for $420,-000. Boyce executed his personal guaranty securing the note.

In June 1991, defendants defaulted on both notes and Boatmen's held a foreclosure sale. First Exchange Bank purchased the property at the sale for $132,386.41, the amount owed Boatmen's. After this suit was filed, FDIC as receiver of First Exchange sold the Nardin property at auction for an amount in excess of the price it paid Boatmen's. On summary judgment the trial court entered judgment for FDIC and against both defendants for the full amount of the principal, interest, collection costs, and attorneys' fees.

Defendants contend that in determining the amount of the deficiency owed to FDIC the court should have deducted the difference between what First Exchange paid Boatmen's for the property and what it subsequently received for the property at its auction.

■ A trustee's sale operates as a complete foreclosure and cuts off a second deed of trust as completely as if there had been a deed of foreclosure with all parties before the court. *S.S. Kresge Co. v. Shankman,* 240 Mo.App. 639, 212 S.W.2d 794 (1948) [1–3]; *Sipes v. Kansas City Title Insurance Company,* 372 S.W.2d 478 (Mo.App.1963) [2,3]; *Brask v. Bank of St. Louis,* 533 S.W.2d 223 (Mo.App.1975) [6,7].

Upon the foreclosure sale by Boatmen's, First Exchange's security interest in the property was discharged and it acquired the property as a purchaser not as a creditor or lien holder. The note and guaranty still existed and were viable and FDIC as receiver of the bank was entitled to judgment against defendants on those documents. The acquisition of the property by the bank and its subsequent sale by FDIC was as a purchaser and completely independent of the defendants' indebtedness on the note and guaranty. If defendants' contention is that the property was worth more than the amount for which Boatmen's sold it, that claim should be made against the foreclosing

creditor, not the purchaser or the subordinate lien holder.

Judgment affirmed.

GARY M. GAERTNER and RHODES RUSSELL, JJ., concur.