## A96A0138. SPRINGMONT HOMEOWNERS ASSOCIATION, INC. v. BARBER et al.

### (472 SE2d 695)

Judge Harold R. Banke.

Springmont Homeowners Association, Inc. ("the Association"), which owns property in the Springmont Subdivision deeded for recreation or common areas, sued Norman S. Barber, Norman S. Barber and Ralph M. Collier d/b/a Barrington Enterprises, and Barber Homes, Inc. (collectively "Barber"), seeking a declaratory judgment and injunctive relief. After the trial court summarily granted Barber's motion for summary judgment and denied the Association's, this appeal ensued.

To prevail on summary judgment, the moving party must show that no genuine issues of material fact remain to be tried and that the undisputed facts, viewed in the light most favorable to the nonmovant, warrant summary judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the record shows that Dimension/Brooks Corporation ("the developer"), executed and delivered a security deed to Georgia Federal Bank ("the Bank") conveying approximately 154 acres, including the property at issue, which ultimately became Springmont Subdivision.[1] It is undisputed that this deed was properly recorded. Eighteen months later, the developer recorded a "Declaration of Covenants, Conditions, Restrictions, and Easements" for the entire acreage. The Declaration regulated such matters as signs, clotheslines, and air conditioners and required preapproval of all structures. The Bank's corresponding and properly recorded "Acknowledgement and Consent" approving the Declaration for Springmont, also stated "the lien, encumbrance and effect of the Security Deed shall not be and is not hereby made subject and subordinate to the Declaration."

Over three years later, the developer conveyed a portion of the property to the Association. The developer eventually sold some 302 lots, many of which were built upon and occupied.

In early 1994, the Bank foreclosed on the 28 remaining unpurchased lots. The Bank subsequently sold the lots to Norman S. Barber who conveyed his title to Norman S. Barber and Ralph M. Collier d/b/a Barrington Enterprises, which conveyed some of the property to Barber Homes, Inc. The cause of action arose after Barber commenced building on the property without first submitting its architectural plans for approval. *Held*:

Because the Bank took title before the restrictions expressed in the Declaration were imposed we reject the Association's argument

---

[1] First Union National Bank subsequently purchased Georgia Federal, a fact not germane to this analysis.

that the Bank's interest was subject to the Declaration. See *Jones v. Gaddy*, 259 Ga. 356, 359 (2) (380 SE2d 706) (1989). The Bank's Security Deed, which contained no preapproval requirement, had priority over the subsequently recorded Declaration. Pindar, Ga. Real Estate Law & Procedure, § 21-41 (4th ed. 1993). Although the Declaration bound those taking under the developer, it never became part of the chain of title between the developer and the Bank, a fact underscored by the Bank's Acknowledgment and Consent which gave public notice that its Security Deed was not subject to the Declaration. See *Pinetree Estates Homeowners Assn. v. First United Lutheran Church*, 241 Ga. 228 (2) (244 SE2d 856) (1978); *Murawski v. Roland Well Drilling,* 188 Ga. App. 760, 764 (2) (374 SE2d 207) (1988); Pindar at §§ 19-195, 19-196. Because the deed the Bank conveyed to Barber was unencumbered by the Declaration and the Association failed to present any evidence showing that the Declaration applied despite its clear absence from the chain of title, summary judgment was appropriate. *Hornsby v. Holt*, 257 Ga. 341, 342 (1) (359 SE2d 646) (1987) (grantee takes no greater title than that held by grantor); see *McKee v. Hubert*, 211 Ga. 329 (85 SE2d 757) (1955). Moreover, the foreclosure would have invalidated the restrictions had they attached. *Mutual Loan &c. Co. v. Haas*, 100 Ga. 111, 115-116 (1) (27 SE 980) (1897); Pindar at §§ 19-196, 20-60.

This action was originally filed in the Supreme Court, which transferred the case to this Court without explanation, implicitly rejecting the contention that this was an equity case within its general appellate jurisdiction. The Association's arguments relating to this action's equitable features extend beyond the parameters of this Court's jurisdiction. *Imperial Body Works v. Nat. Claims Svc.*, 158 Ga. App. 241, 242 (1) (279 SE2d 534) (1981). Moreover, in light of the Supreme Court's action, those arguments must be deemed meritless. Id.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED JUNE 3, 1996 —
RECONSIDERATION DENIED JUNE 17, 1996 —

*Charles W. Field*, for appellant.
*Varner, Stephens, Humphries & White, James T. White, Andersen, Davidson & Tate, Thomas T. Tate*, for appellees.