A02A0606. LEGACY HILLS RESIDENTIAL ASSOCIATION, INC.
v. COLONIAL BANK.
(564 SE2d 550)

ANDREWS, Presiding Judge.

Legacy Hills Residential Association, Inc. (the Association) appeals from the trial court's order granting Colonial Bank's motion

to allow it to open default pursuant to OCGA § 9-11-55 (b). We find no abuse of discretion and affirm.

In January 1997 the Bank financed the purchase of real property by Heritage Creek Development Corporation (the Developer) and took a recorded deed to secure debt from the Developer over the property. The Developer subdivided the property into lots and in September 1997 recorded protective covenants creating the Association and imposing certain assessments and fees on owners of the lots. After the Bank foreclosed on the lots in June 2000, the Association claimed the Bank, as owner of the lots, owed assessments and fees imposed on the lots and sued the Bank to collect these sums or to foreclose on liens filed by the Association. The Bank was automatically in default by failing to timely answer the Association's complaint within 30 days of service, and it failed to open default as a matter of right within 45 days of service. OCGA § 9-11-55 (a). On the forty-seventh day after service, the Bank moved to open default pursuant to OCGA § 9-11-55 (b). The trial court granted the motion on the ground that a "proper case" had been made for the default to be opened. After the Bank answered and discovery was completed, the trial court granted the Bank's motion for summary judgment. This appeal followed.

The Association's sole claim on appeal is that the trial court erred by allowing the Bank to open default under OCGA § 9-11-55 (b).

> OCGA § 9-11-55 (b) allows a prejudgment default to be opened on one of three grounds if four conditions are met. The three grounds are: (1) providential cause; (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense.

(Citations and punctuation omitted.) *Powell v. Eskins,* 193 Ga. App. 144, 145 (387 SE2d 389) (1989). The "proper case" ground under which the default was opened in this case has been construed to confer discretion on the trial court broader than that conferred on the other two grounds "as if reaching out to take in every conceivable case where injustice might result if the default were not opened. . . ." *Colonial Penn Life Ins. Co. v. Market Planners Ins. Agency,* 209 Ga. App. 562, 563 (434 SE2d 124) (1993). The Association concedes the Bank satisfied three of the four conditions for opening default, but contends this was not a "proper case" for opening default because the Bank failed to set up a "meritorious defense."

A defendant meets the requirement of establishing a meritorious defense "by showing that if relief from default is granted, the out-

come of the suit may be different from the result if the default stands." *Exxon Corp. v. Thomason*, 269 Ga. 761 (504 SE2d 676) (1998). This test, which does not require a showing that the defendant will completely defeat the plaintiff's claim, is consistent with the strong public policy of deciding cases on their merits. Id. Applying this test, we conclude the Bank established a meritorious defense — on which the trial court granted summary judgment to the Bank — by showing that the Bank acquired legal title to the subject property by a recorded deed to secure debt which had priority over the subsequently recorded protective covenants imposing the disputed assessments and fees. *Springmont Homeowners Assn. v. Barber*, 221 Ga. App. 713-714 (472 SE2d 695) (1996).

Generally, default should be opened where the defendant acts with reasonable promptness and alleges a meritorious defense. *Ford v. St. Francis Hosp.*, 227 Ga. App. 823, 826 (490 SE2d 415) (1997). Under the present facts, the trial court did not abuse its discretion in determining that the Bank complied with the statutory requirements of OCGA § 9-11-55 (b) and that a "proper case" was made for the default to be opened. Id.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED APRIL 22, 2002.

*Wayne B. Kendall*, for appellant.
*Gray & Gilliland, Charles A. Ratz*, for appellee.