

# Missouri Court of Appeals

## Southern District

### Division One

MICHAEL AND LINDA GRAY,     )
     )
     Plaintiffs-Respondents,     )
     )
v.     )     No. SD33458
     )     Filed:  July 14, 2016
GERALD AND JOY SHEPARD,     )
     )
     Defendants-Appellants.     )

### APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable R. Craig Carter, Special Judge

### REVERSED AND REMANDED WITH DIRECTIONS

This appeal arises out of a dispute between owners of real estate in Eagle Meadows, which is a 17-lot subdivision located in Ozark, Missouri.  Michael and Linda Gray (Plaintiffs) sought declaratory and injunctive relief against Gerald and Joy Shepard (Defendants) based upon their alleged violation of certain restrictive covenants.  After a bench trial, the court entered a judgment granting Plaintiffs' request for declaratory relief and a permanent injunction.

Defendants raise three points of alleged trial court error on appeal, but we need address only the first.  Point 1 contends Defendants' property was not encumbered by the

restrictive covenants at issue. Because we agree with Defendants, the judgment must be reversed and the cause remanded for entry of a judgment in favor of Defendants.

## Standard of Review

In this court-tried case, our review is governed by Rule 84.13(d) and *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *In Re Bell*, 481 S.W.3d 855, 858-59 (Mo. App. 2016).[1] The judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id*. We review issues of law *de novo*. *Blue Pool Farms, L.L.C. v. Basler*, 239 S.W.3d 687, 690 (Mo. App. 2007).

## Factual and Procedural Background

The facts relevant to our analysis are not in dispute. During the first half of 2005, Stocker Construction Company (Stocker Construction) purchased 76 acres of land in Christian County to develop Eagle Meadows. It then sold 21.6 acres of the development project to Kasada Properties, LLC (Kasada Properties).

The development of Eagle Meadows was financed in large part by a third-party lender, Ozark Bank. One loan in particular – a construction loan of $26,400 to Kasada Properties – is relevant for purposes of this appeal. As consideration for that loan, Kasada Properties executed a deed of trust on June 16, 2005 granting Ozark Bank a security interest in the entirety of Kasada Properties' 21.6 acre tract in Eagle Meadows. This deed of trust was recorded on June 20, 2005.

On July 19, 2005, the following two documents were executed and duly recorded: (1) the "FINAL PLAT" for Eagle Meadows (the final plat), by which Kasada Properties'

---

[1] All rule references are to Missouri Court Rules (2016).

21.6 acre tract was platted as Lots 1-5; and (2) the "DECLARATION OF COVENANTS, RESTRICTIONS AND CONDITIONS OF EAGLE MEADOWS SUBDIVISION" (the Declaration). Although a representative of Ozark Bank was among the signatories to the final plat, Stocker Construction and Kasada Properties were the only signatories to the Declaration.

Sometime later, Kasada Properties defaulted under the terms of Ozark Bank's deed of trust. Ozark Bank foreclosed on the deed of trust and, after an auction sale, acquired Lots 1-5 by way of a trustee's deed, dated February 7, 2008.[2] Less than a month later, Ozark Bank sold Lots 1-4 to Defendants by way of a duly recorded corporate warranty deed. Defendants ultimately sold Lots 3 and 4 to another party. Defendants retained Lots 1 and 2 (hereinafter referred to as the Property).

Thereafter, Defendants began a construction project to convert a freestanding garage on the Property into a permanent residence. Plaintiffs filed a two-count petition requesting declaratory and injunctive relief, alleging that Defendants' construction project violated the Declaration.[3] As part of their answer, Defendants denied that the Property was subject to the Declaration and affirmatively alleged that the covenants contained in the Declaration "were extinguished from [Defendants'] chain of title as a matter of law."

Following a hearing on Plaintiffs' petition, the trial court entered judgment finding in favor of Plaintiffs on all issues. On Count I, the trial court declared that "all lots"

---

[2] On March 30, 2006, Ozark Bank executed a partial release for its June 16, 2005 deed of trust as it applied to Lot 5. Kasada Properties again conveyed a security interest in Lot 5 to Ozark Bank by way of a deed of trust dated September 28, 2006. In addition to foreclosing on its June 16, 2005 deed of trust, Ozark Bank contemporaneously foreclosed on its September 28, 2006 deed of trust thereby acquiring ownership of Lot 5.

[3] Plaintiffs own 11 of the lots in Eagle Meadows. On September 30, 2009, Stocker Construction also assigned its developer rights under the Declaration to Plaintiffs.

3

contained in Eagle Meadows are subject to the Declaration. On Count II, the trial court entered an injunction prohibiting Defendants from engaging in the conduct alleged by Plaintiffs to be in violation of the Declaration. Defendants appealed.

Additional facts necessary to the disposition of the case are included below as we address Defendants' first point, which is dispositive of this appeal.

**Discussion and Decision**

In Point 1, Defendants contend the trial court misapplied the law by declaring that the Property was subject to the Declaration. Defendants argue that the Declaration's encumbrance on the Property was extinguished when Ozark Bank foreclosed on its previously recorded deed of trust. We agree.

"A foreclosure sale passes title to the purchaser as of the date of the deed of trust and extinguishes the inferior encumbrances made by the grantor subsequent to that date." *Brask v. Bank of St. Louis*, 533 S.W.2d 223, 227 (Mo. App. 1975). As explained in *Golden Delta Enterprises, L.L.C. v. US Bank*, 213 S.W.3d 171 (Mo. App. 2007):

> The proper foreclosure of a senior deed of trust extinguishes deeds of trust and other interests junior to it. *See Sipes v. Kansas City Title Co.,* 372 S.W.2d 478, 479 (Mo.App.K.C.1963). This is because a purchaser at the foreclosure sale acquires title as it existed on the date the foreclosed deed of trust was recorded. *S.S. Kresge Co. v. Shankman,* 240 Mo.App. 639, 212 S.W.2d 794, 801 (K.C.1948). *See also,* 38 Mo. Prac. Missouri Foreclosure Manual Section 4:16 (2006 ed.).

*Id*. at 175. Ozark Bank recorded its deed of trust on June 20, 2005. As of that date, the Declaration did not exist. It was not executed or recorded until July 19, 2005. When Ozark Bank foreclosed on its deed of trust, it acquired title to the Property as it existed on June 20, 2005. In accordance with the principles set out in *Brask* and *Golden Delta Enterprises*, the foreclosure of Ozark Bank's senior deed of trust extinguished the junior restrictions on

4

the Property created by the Declaration. Plaintiffs' three contrary arguments are unpersuasive.

First, Plaintiffs contend that the restrictive covenants at issue here are not the type of inferior encumbrance that is extinguished by foreclosure of a senior deed of trust. Although we can find no Missouri case on point, case law from other jurisdictions supports Defendants' position that the foreclosure of a senior mortgage or deed of trust extinguishes junior covenants and equitable servitudes burdening the real property. *See, e.g.*, ***Prestwood v. Weissinger***, 945 So.2d 458, 461-62 (Ala. Civ. App. 2005) (foreclosure of senior mortgage extinguished later-created restrictive covenant); ***Sain v. Silvestre***, 144 Cal. Rptr. 478, 485 (Cal. Ct. App. 1978) (foreclosure of lender's senior deed of trust extinguished later-recorded restrictive covenants, and lender took the property free of those equitable servitudes and building restrictions); ***In re Hassen Imports Partnership***, 502 B.R. 851, 859 (Bankr. C.D. Cal. 2013) (under California law, the foreclosure of a senior lien interest extinguished junior covenants and equitable servitudes); ***Mortgage Investors of Washington v. Moore***, 493 So.2d 6, 8-9 (Fla. Dist. Ct. App. 1986) (mortgagee who purchased property at foreclosure sale took the real estate free of restrictive covenants which were not in existence when the mortgage was recorded); ***Legacy Hills Residential Ass'n, Inc. v. Colonial Bank***, 564 S.E.2d 550, 552 (Ga. Ct. App. 2002) (title acquired by bank via foreclosure of recorded deed of trust had priority over subsequently recorded protective covenants); ***Springmont Homeowners Ass'n, Inc. v. Barber***, 472 S.E.2d 695, 696-97 (Ga. Ct. App. 1996) (lender's title at foreclosure sale was not subject to later-recorded restrictive covenants, and foreclosure would have invalidated those restrictions if they had attached); ***Sun Valley Hot Springs Ranch, Inc. v. Kelsey***, 962 P.2d 1041, 1045 (Idaho 1998) (foreclosing lender was not subject to burdens or obligations of restrictive

5

covenants because its mortgage was recorded before the subdivision plat and "CC&Rs" were recorded); ***Vernon v. Allphin***, 98 So.2d 280, 283-84 (La. Ct. App. 1957) (mortgaged property cannot be subjected to restrictions which were not in existence on the date the mortgage was executed so as to prejudice or diminish the rights of the mortgagee or any future purchaser at a foreclosure sale); ***Talles v. Rifman***, 53 A.2d 396, 398 (Md. 1947) (foreclosure of mortgage put to an end any binding effect of later-filed restrictions on the property); ***Boyd v. Park Realty Corp.***, 111 A. 129, 129-30 (Md. 1920) (the owner of property subject to a mortgage cannot burden it with restrictions without the consent of the mortgagee because the security of the mortgage could be seriously jeopardized); ***Magnolia Petroleum Co. v. Drauver***, 83 P.2d 840, 843-44 (Okla. 1938) (foreclosure of prior mortgage destroys later-filed restrictions affecting the foreclosed lots). Secondary authorities also recognize the existence of this same rule. Section 5.2 of the RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES states that "[t]he burden of a servitude does not run to the holder of a title superior to that held by the creator of the servitude." RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES § 5.2(1) (2000). Comment i. to this section, which deals with "*Acquisition of title by virtue of lien-foreclosure proceedings*[,]" states in relevant part that "[w]hether a purchaser at a foreclosure sale takes subject to the burdens of covenants depends on the priority of the lien foreclosed. If the lien is prior to the covenant, the covenant will be foreclosed along with other junior interests." ***Id***. Section 7.9 similarly states, in relevant part, that "[a] servitude is not extinguished by the foreclosure of a lien against the estate burdened by the servitude unless the lien has priority over the servitude." RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES § 7.9(1) (2000). In relevant part, Comment a. to this section states:

6

> *a. Rationale.* Purchasers at foreclosure sales are successors bound by the servitudes burdening the property under the rule stated in § 5.2 unless the foreclosure sale extinguishes the burden of the servitude. Whether a lien-foreclosure sales extinguishes a servitude is normally determined by the priority of interests, which, with few exceptions, is established by priority in time of creation and the applicable recording act …. Foreclosure of a lien that has priority in time or recording extinguishes the burden of the servitude and the purchaser at the foreclosure sale takes free of the servitude. This section states the general rule applicable to foreclosure of mortgages, deeds of trust and other liens that follow normal priority rules.

*Id*. The rule stated in the foregoing cases and secondary authorities is consistent with Missouri law that foreclosure of a senior deed of trust extinguishes junior interests and vests the purchaser with title as it existed on the date the foreclosed deed was recorded. *See **Golden Delta Enterprises***, 213 S.W.3d at 175; ***Brask***, 533 S.W.2d at 227. The first prong of Plaintiffs' argument has no merit.

Second, Plaintiffs argue that Ozark Bank waived its priority. Plaintiffs' argument relies on the principle from ***Genesis Engineering Co., Inc. v. Hueser***, 829 S.W.2d 579, 580 (Mo. App. 1992), that the holder of a lien may expressly or impliedly waive its priority. Plaintiffs suggest that principle should apply here because former Ozark Bank senior vice-president, Roxanne Amundsen (Amundsen), testified that Ozark Bank wanted the Declaration on file. According to Plaintiffs, this post-hoc oral testimony concerning Ozark Bank's prior knowledge and approval of the recording of the Declaration means that the Declaration still burdens the Property. We disagree. Paragraph 12 of Ozark Bank's deed of trust explicitly stated, in relevant part, that "Grantor [Kasada Properties] will not permit any change in any license, restrictive covenant or easement without Lender's prior written consent." The Declaration was only signed by Stocker Construction and Kasada Properties, and Plaintiffs presented no evidence that Ozark Bank gave prior written consent allowing Kasada Properties to impose restrictive covenants on the Property. Moreover,

7

Ozark Bank's foreclosure of its senior deed of trust extinguished the burden imposed on the Property by the Declaration for the reasons set forth above and vested Ozark Bank with title as it existed on the date the foreclosed deed was recorded. As of that date, the Property was not encumbered by the Declaration. Neither the foreclosure deed to Ozark Bank nor its later deed to Defendants expressly stated that the Property was being conveyed subject to the encumbrance in the Declaration. *Cf. **Interchange Drive, LLC v. Nusloch***, 716 S.E.2d 603, 607 (Ga. Ct. App. 2011) (because the foreclosure deed to lender expressly stated that it was subject to the "Habersham Covenants" for the subdivision, lender agreed to be bound by those covenants and restrictions despite the foreclosure). Therefore, Ozark Bank's deed to Defendants transferred to them the same ownership interest in the Property held by Ozark Bank as of June 20, 2005. *See **In re Estate of Haan***, 237 S.W.3d 231, 234 (Mo. App. 2007) (noting that a conveyance of real estate passes the entire ownership interest of the grantor unless the instrument shows, expressly or by necessary implication, the grantor's intent to pass a lesser interest). The second prong of Plaintiffs' argument has no merit.

Third, Plaintiffs argue that the trial court's discretionary authority to grant declaratory relief permitted the court to enforce the Declaration against Defendants. We have no quarrel with the general principle that a trial court has "considerable discretion" in determining whether to grant declaratory relief. ***Van Dyke v. LVS Building Corp.***, 174 S.W.3d 689, 693 (Mo. App. 2005). That discretion, however, did not authorize the trial court to resurrect a restrictive covenant that had been extinguished as a matter of law by the foreclosure of Ozark Bank's senior deed of trust. Per Rule 84.13(d), the trial court's misapplication of the law in declaring the Declaration enforceable against the Property must be reversed. *See, e.g.*, ***Phillips v. Missouri Dept. of Corrections***, 323 S.W.3d 790,

8

794 (Mo. App. 2010) (holding that the trial court erred as a matter of law in granting a declaratory judgment). The third prong of Plaintiffs' argument has no merit.

The trial court misapplied the law by declaring that the Property is subject to the Declaration. Accordingly, we grant Defendants' first point. The trial court's judgment granting declaratory and injunctive relief to Plaintiffs is reversed. The cause is remanded for entry of a judgment in favor of Defendants.

JEFFREY W. BATES, J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCUR

DANIEL E. SCOTT, J. – CONCUR